# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BRIAN METHE, | Case No. 1:17-cv-749 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| AMAZON.COM.DEDC, LLC, *et al.*, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF BRIAN METHE'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS WEBINTELLICS, INC. AND RIPT APPAREL, LLC WITHOUT PREJUDICE (Doc. 36)**

This case is before the Court on Plaintiff Brian Methe's ("Plaintiff") motion for default judgment against Defendants Webintellics, Inc. and RIPT Apparel, LLC (collectively the "Defaulting Defendants"). (Doc. 36).

## I. BACKGROUND

On November 7, 2017, Plaintiff filed suit against the Defaulting Defendants, as well as other defendants, for copyright infringement. (Doc. 1). Subsequently, Plaintiff served the Defaulting Defendants with a copy of the Complaint. (Docs. 30, 35, 36-1). Neither of the Defaulting Defendants timely answered. (*See* Doc. 36-1 at ¶¶ 2–4). On September 5, 2018, Plaintiff filed a motion for default judgment against the Defaulting Defendants. (Doc. 36). One day later, Plaintiff filed an application for entry of default. (Doc. 37). On September 10, 2018, the Clerk issued an entry of default, confirming that the Defaulting Defendants were "in default." (Doc. 38).

Plaintiff's motion for default judgment consists of a single paragraph:

> Pursuant to Fed. R. Civ. P. 55, [Plaintiff] moves the Court to enter the attached Default Judgments against [the Defaulting Defendants] for failure to plead or otherwise defend this case. The claims asserted in this matter do not involve a sum certain, therefore Plaintiff further requests a hearing to determine the amount of damages owed by the defaulting parties. In support of this Motion, Plaintiff tenders the Affidavit of Counsel attached as Exhibit A.

(Doc. 36). The Affidavit of Counsel contains: (1) information about the Defaulting Defendants' service, and (2) a request for an evidentiary hearing. (Doc. 36-1).

## II. LEGAL STANDARD

Rule 55 governs Plaintiff's motion for default judgment. Where, as here, a case does not involve a sum certain, Rule 55 sets out a two-step process. First, the Clerk must issue an entry of default under Rule 55(a). Second, the plaintiff must file a motion for a default judgment under Rule 55(b)(2). After the Clerk's entry of default and the plaintiff's motion for default judgment, the Court considers whether a default judgment is proper. When doing so, the Court takes all of the factual allegations in the complaint as true.[1] *Ohio Nat'l Life, Assurance Corp. v. Crescent Fin. & Ins. Agency, Inc.*, No. 1:15-CV-727, 2016 WL 8199123, at *1 (S.D. Ohio June 20, 2016).

**An entry of default does not automatically entitle the plaintiff to a default judgment**. See *F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-CV-740, 2012 WL

---

[1] More precisely, the Court takes all of the factual allegations relating to liability as true; factual allegations relating to damages are not entitled to the same presumption. *PNC Equip. Fin., LLC v. MDM Golf, LLC*, No. 1:14-CV-509, 2014 WL 5219582, at *1 (S.D. Ohio Oct. 14, 2014).

1945068, at *3 (S.D. Ohio May 30, 2012). <u>The plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted</u>. *Said v. SBS Elecs., Inc.*, No. 1:08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010) (It "remains the plaintiff's burden to demonstrate that" the complaint's factual allegations, taken as true, "establish the defendant's liability."), *adopted as modified*, No. 1:08-CV-3067, 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010).[2]

When considering whether a default judgment is proper, courts:

> [T]ake into account: (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

### III. ANALYSIS

In this case, Plaintiff seeks a default judgment on its copyright infringement claim against the Defaulting Defendants (Doc. 36). However, Plaintiff's motion for default judgment does not (1) set out the legal standard applicable copyright infringement claims,

---

[2] *See United States v. Ponte*, 246 F. Supp. 2d 74, 76 (D. Me. 2003) ("The legal effect of [an] entry of default is clear; [an] entry of default does not automatically entitle the plaintiff to the relief it seeks, but it does amount to an admission by the defendants of the material allegations of the complaint. . . . **A plaintiff must nevertheless establish that on the law it is entitled to the relief it seeks, given the facts as established by the default**." (emphasis added)); *see also Cummings v. W. Harlem Cmty. Org., Inc.*, No. 1:17-CV-4236, 2018 WL 3435058, at *2 (E.D.N.Y. July 17, 2018) (same); *OTO Software, Inc. v. Highwall Techs., LLC*, No. 1:08-CV-1897, 2011 WL 3236049, at *4 (D. Colo. July 5, 2011) (same), *report and recommendation adopted*, No. 1:08-CV-1897, 2011 WL 3235707 (D. Colo. July 27, 2011).

3

or (2) show why the facts alleged in the Complaint meet that legal standard. (*Id.*)[3]
Instead, Plaintiff's motion for default judgment assumes that a default judgment is proper, because the Defaulting Defendants have failed to timely answer (*i.e.*, because there has been an entry of default). This is not the case. *Ponte*, 246 F. Supp. 2d at 76 (An "entry of default does not automatically entitle the plaintiff to the relief it seeks.").

A default judgment is a "harsh sanction." *Morais-Pierson v. Pierson*, No. 3:15-CV-609, 2015 WL 2365398, at *2 (N.D. Ohio May 15, 2015). It allows the plaintiff to obtain a judgment, absent the defendant's presence, participation, or objection. It would not be proper to enter so harsh a sanction where, as here, Plaintiff has failed to show (or even tried to show) that, when all of the factual allegations in the Complaint are taken as true, the Defaulting Defendants are liable for copyright infringement. *Said*, 2010 WL 1265186, at *2; *see Russell*, 34 F. App'x at 198 (noting that the complaint's "sufficiency" and the claims' "merits" should be considered before entering a default judgment).

## IV. CONCLUSION

As a result, Plaintiff's motion for default judgment (Doc. 36) is **DENIED** without prejudice. Plaintiff shall file an amended motion for default judgment, which

---

[3] A procedural issue warrants discussion. Plaintiff filed his motion for default judgment <u>before</u> the Clerk issued its entry of default. (Docs. 36, 38). This is not proper. *Ramada Franchise Sys., Inc. v. Baroda Enters., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) (An "entry of default is a <u>prerequisite</u> to a default judgment." (emphasis added)). However, as Plaintiff's motion fails from a substantive standpoint (as set forth *infra*), the Court does not reach the issue of whether Plaintiff's motion is, in fact, a proper motion for default judgment.

4

cures the issues described *supra*, within 30 days of the date of this Order.[4]

    **IT IS SO ORDERED.**

Date: 7/15/2019

                                                   Timothy S. Black
                                                 United States District Judge

---

[4] In the Affidavit of Counsel attached to Plaintiff's motion for default judgment, Plaintiff claims that because "[t]his is a copyright infringement case," a "hearing is required to determine the amount of damages." (Doc. 36-1 at ¶ 5). This is not the standard. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" to ascertain an uncertain sum of damages.); *Campinha-Bacote v. Ware*, No. 1:14-CV-597, 2014 WL 6901746, at *1 (S.D. Ohio Dec. 5, 2014) (awarding damages, under the Copyright Act, on a motion for default judgment, after noting that an "evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it").